John R. Keough, III (JK 6013)
John R. Foster (JF 3635)
WAESCHE, SHEINBAUM & O'REGAN, P.C.
Attorneys for Plaintiff
ST SHIPPING AND TRANPORT INC.
111 Broadway, 4th Floor
New York, New York 10006
(212) 227-3550

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ST SHIPPING AND TRANSPORT INC.

        07 Civ.

     Plaintiff,

 -against-        **VERIFIED COMPLAINT**

GOLDEN FLEECE MARITIME INC.,

     Defendants.
-------------------------------------------------------------X

  Plaintiff ST Shipping and Transport Inc. (hereinafter "ST Shipping"), by its attorneys, Waesche, Sheinbaum & O'Regan, P.C., complaining of Defendant Golden Fleece Maritime Inc. (hereinafter "Golden Fleece"), alleges, upon knowledge with respect to itself and its own acts and upon information and belief as to all other matters, as follows:

## JURISDICTION

  1.  This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract. The case falls within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333.

## THE PARTIES

2. At all times relevant hereto, ST Shipping was and still is a corporation duly organized and existing under and by virtue of the laws of Switzerland and with its principal place of business in Switzerland. ST Shipping was the charterer of the motor tanker "Elli."

3. At all times relevant hereto, Golden Fleece was and still is an alien business entity duly organized and existing under the laws of Liberia and with an address at 80 Broad Street, Monrovia, Liberia. Golden Fleece was the owner of the M/T Elli.

## REQUEST FOR RELIEF

4. On or about May 30, 2003, Golden Fleece time chartered the M/T Elli to ST Shipping for a period of 6 months, with ST Shipping having the option to extend this period. The parties subsequently agreed to further extend the charter period to about September 2006. The cargo to be carried under this contract was "crude and/or dirty petroleum products including fuel oil, LSWR, CBFS, condensate etc."

5. In this charter party Golden Fleece warranted the speed and performance of the vessel during the period of the contract.

6. ST Shipping fully performed all of its obligations under this charter party.

7. Despite due demand and in breach of the charter, Golden Fleece failed to operate the M/T Elli as warranted. In particular, the speed of the M/T Elli was slower than that warranted by Golden Fleece; and the vessel's consumption of fuel oil and motor diesel oil was greater than that warranted. ST Shipping's loss from the breach of these warranties is $280,000.00

10. Under the subject charter party, all claims between the parties arising out of the contract are subject to London arbitration, with English law to apply. There is presently pending

in London just such an arbitration between the parties to resolve the disputes under this maritime contract.

8.  The action before this Court is brought in order to obtain security in favor of ST Shipping for its claim against Golden Fleece. This action is also brought to obtain security for such additional amounts as will cover ST Shipping's anticipated attorney fees and costs (including arbitrators' fees) in the London arbitration, as well as interest, all of which are recoverable as part of ST Shipping's claim under English law.

9.  ST Shipping's need for security is especially pronounced in this case because Golden Fleece's sole asset is the M/T Elli and the ship has been put on the market for sale.

10. The total amount of ST Shipping's claim against Golden Fleece sought as security includes:

   a. The losses proximately resulting from the breach of charter party warranties by Golden Fleece in the sum of $280,000.00;

   b. Interest, costs (including arbitrators' fees), and attorney fees, all inclusive, which are anticipated to at least equal the sum of $100,000, and which are recoverable under English law as part of ST Shipping's claim in the London proceedings;

   c. For a total claim amount sought to be secured of **$380,000.00**.

11. After investigation, Golden Fleece cannot be found within this District for the purpose of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, but ST Shipping is informed that Golden Fleece has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due to, or for the benefit of Golden Fleece, including, but not limited to, assets at, being transferred through, or

being transferred and/or wired to or from ABN Amro, Atlantic Bank of New York, American Express Bank, Bank of America, BNP Paribas, Calyon, Citibank N.A., Deutsche Bank, HSBC USA Bank NA, JPMorgan Chase & Co., Standard Chartered Bank, The Bank of New York, Wachovia Bank, and/or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

**WHEREFORE**, Plaintiff ST Shipping and Transport Inc. prays:

a. That process in due form of law according to the practice of this Court may issue against Defendant Golden Fleece Maritime Inc., citing it to appear and answer the foregoing, failing which a default will be taken against it for the principal claim amount of $380,000.00, plus interest, costs, and attorney fees;

b. That since the Defendant Golden Fleece Maritime Inc. cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of Defendant Golden Fleece Maritime Inc., up to and including the amount of $380,000.00 be restrained and attached, including, but not limited to, any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, held, or being transferred for the benefit of Defendant Golden Fleece Maritime Inc. including, but not limited to, such assets as may be held, received, or transferred in its name or as may be held, received, or transferred for its benefit, at, through, or within the possession, custody, or control of such banking institutions including, but not limited to, ABN Amro, Atlantic Bank of New York, American Express Bank, Bank of America, BNP Paribas, Calyon, Citibank N.A., Deutsche Bank, HSBC USA Bank NA, JPMorgan Chase & Co., Standard Chartered Bank, The Bank of New York, Wachovia Bank, and any such other

garnishees upon whom a copy of the Process of Maritime Attachment and Garnishment issued herein may be served;

    c. That the Court enter an order that, to the extent an award is rendered against Defendant Golden Fleece Maritime Inc. in the London arbitration, this Court adopts such award as a judgment of this Court pursuant to the Federal Arbitration Act, 9 U.S.C. §§1 et seq.; and

    d. That Plaintiff ST Shipping and Transport Inc. have such other, further, and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       December 10, 2007

                    WAESCHE, SHEINBAUM & O'REGAN, P.C.
                    Attorneys for Plaintiff
                    ST SHIPPING AND TRANSPORT INC.

                    By: _____
                          John R. Keough, III (JK 6003)
                          John R. Foster (JF 3635)
                          111 Broadway, 4th Floor
                          New York, New York 10006
                          (212) 227-3550

# VERIFICATION

State of New York   )
                    : 
County of New York  )

JOHN R. KEOUGH, III, being duly sworn, deposes and says:

1. That I am a member of the Bar of this Court and am an officer of Waesche, Sheinbaum & O'Regan, P.C., attorneys for the Plaintiff herein.

2. That I have read the foregoing Complaint and know the contents thereof, and that the same are true to the best of my knowledge, except those matters alleged upon information and belief, and as to those I believe them to be true.

3. That the source of my information and the grounds for my belief as to all matters are documents in the possession of my firm and information provided by the Plaintiff by way of written communications with its representatives.

4. That I am authorized to make this verification on behalf of the Plaintiff.

5. That the reason this verification is made by me and not by the Plaintiff is that the Plaintiff is an alien corporation, with no officers or directors presently within this District.

_____
JOHN R. KEOUGH, III

Sworn to before me this
10th day of December 2007

_____
NOTARY PUBLIC

MARYANN C. POWERS
Notary Public, State of New York
No. 01PO4629292
Qualified in Richmond County
Commission Expires August 31, 2010